| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

SCHON RANDELL RUSCH, JR., §
§
    Movant, §
§
*versus* § CIVIL ACTION NO. 1:22-CV-167
§
UNITED STATES OF AMERICA, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Schon Randell Rusch, Jr., an inmate at the Federal Correctional Institution located in Lewisburg, Pennsylvania, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections are without merit. As the court previously informed Movant, any relief concerning the calculation of his sentence must be pursued by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which he is confined. *See United States v. Rusch*, No. 1:14cr65 (E.D. Tex. 2015)

(#160).  Movant was confined at the United States Penitentiary located in White Deer, Pennsylvania, at the time he filed this motion to vacate.  "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."  *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).  A § 2241 petition must be filed in the district where the petitioner is incarcerated.  *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).  Thus, this court is without jurisdiction to entertain such claims.

Next, movant claims defense counsel was ineffective because he informed movant that his state and federal sentences would run concurrently to each other.  A guilty plea may be invalid if induced by an attorney's unkept promises.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Movant's allegations, however, are inconsistent with the representations he made under oath in open court in the underlying criminal case.  "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)).  Therefore, in order to prove his claim, movant must prove: "(1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise."  *Id*; *see also Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004).  In this case, movant has failed to satisfy his burden of producing an independent indicium of the likely merit of his allegations in light of the record in the case.  Further, movant's claim is barred by the applicable one-year limitations period.  Movant was sentenced on his federal conviction on May 6, 2015.  Movant was aware of the issue that his state and federal sentences were not being treated as concurrent sentences as early as April 20, 2016, when he sent a request to his attorney for his time to run concurrently.  *See Rusch*, No. 1:14cr65 (#127).

While movant states that his attorney did not respond, the fact remains that movant was aware of the problem in 2016. Movant, however, did not file his motion to vacate until approximately six years later. Thus, movant failed to act with the due diligence required for equitable tolling.

Finally, movant's claim concerning the prosecutor's alleged failure to file a Rule 35(b) motion as promised is also barred by the applicable one-year limitations period. A Rule 35 motion generally must be made within one year of sentencing. *See* FED. R. CRIM. P. 35(b)(1). The fact that the government was not going to file a Rule 35 motion, as he claims he was promised, reasonably could have been discovered by contacting the prosecution, counsel, or government officials when no motion was filed within one year after the judgment was entered. Therefore, movant failed to act with reasonable diligence and the claim is barred by limitations. Accordingly, movant's objections should be overruled.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt

regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 21st day of August, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE